

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,205-02

### EX PARTE BILAL ABDUL JIHAD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 59534B IN THE 78TH DISTRICT COURT FROM WICHITA COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with intent to deliver a controlled substance and was sentenced to twenty-five years' imprisonment.

Applicant contends, among other things,[1] that his counsel rendered ineffective assistance because counsel failed to adequately litigate a pre-trial motion to suppress, and failed to timely file a notice of appeal. The record indicates that although Applicant pleaded guilty pursuant to a plea

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

agreement, he retained the right to appeal pre-trial motions ruled on by the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether Applicant did plead guilty with the understanding that he could appeal from the trial court's rulings on pre-trial motions. If Applicant did retain this right to appeal, trial counsel shall state whether Applicant indicated that he wanted to appeal from the trial court's denial of the pre-trial motion to suppress, or any other pre-trial motions ruled on by the trial court. If Applicant did indicate a desire to appeal, trial counsel shall state whether he filed notice of appeal on Applicant's behalf, advised the trial court of Applicant's desire to appeal, or requested that appellate counsel be appointed, and if not, why not. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea documents in this case, including any written plea agreement, admonishments, waivers and stipulations, and the trial court's certification of Applicant's right to appeal. The trial court shall also supplement the record with copies of any pre-trial motions that were ruled on prior to trial, and with transcripts of

any pre-trial hearings as well as the plea hearing. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 20, 2019
Do not publish